UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| BRENITAZE MOORE, #960770,  ) | |
|                 Plaintiff,  ) | |
| ) | No. 2:20-cv-179 |
| -v-  ) | |
| ) | Honorable Paul L. Maloney |
| AMY WESTCOMB, *et al.*,  ) | |
|                 Defendants.  ) | |
| ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Moore, a state prisoner, filed a civil rights lawsuit. He alleges he was exposed to tear gas when officers used the chemical agent in a neighboring cell. Defendant Wescomb filed a motion for summary judgment for failure to exhaust administrative remedies. (ECF No. 15.) Defendants Hannah and Trombley filed their own motion for summary judgment for failure to exhaust administrative remedies. (ECF No. 29.) Plaintiff filed a motion for a preliminary injunction (ECF No. 21) and a motion for summary judgment (ECF No. 35). The Magistrate Judge issued a report recommending the following: (1) grant the two motions for summary judgment filed by defendants, (2) deny Plaintiff's motion for a preliminary injunction and Plaintiff's motion for summary judgment, (3) strike Plaintiff's sur-replies, and (4) dismiss Defendant McGuire for the same reason that Defendants Hannah and Trombley should be dismissed. (ECF No. 39.) Plaintiff filed objections. (ECF No. 40.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge

reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

    1. Sur-Replies

Plaintiff objects to the recommendation that the Court strike Plaintiff's sur-replies. Plaintiff contends the sur-replies address arguments raised for the first time in a reply. Plaintiff also insists he lacks formal training and his failure to file a motion for leave should be excused. The Court overrules the objection. The local rules do not authorize sur-replies to motions. W.D. Mich. LCivR 7.2(c) and 7.3(c). Plaintiff's lack of training and lack of familiarity with the rules does not excuse the failure to follow the rules. The United States Supreme Court has cautioned that pro se litigants must still follow a court's procedural rules:

> we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. As we have noted before, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.

*McNeil v. United States*, 508 U.S. 106, 113 (1993) (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)). "[T]he lenient treatment generally accorded to pro se litigants has limits," *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996), and pro se parties must "follow the same rules of procedure that govern other litigants," *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). *See, e.g., In re Sharwell*, 129 F.3d 1265 (6th Cir. Oct. 30, 1997) (unpublished table opinion) ("While Sharwell was proceeding pro se and may not have fully

understood the rules of procedure, he was still required to comply with the rules; his pro se status does not exempt him from compliance.").

    2. Exhaustion

        A. Defendant Westcomb

The Magistrate Judge recommends granting Defendant Westcomb's motion for summary judgment because Plaintiff failed to name Westcomb in any relevant grievance. Plaintiff does not specifically object to this recommendation.

        B. Defendants Hanna and Trombley

The Magistrate Judge recommends granting Defendants Hanna and Trombley's motion for summary judgment because Plaintiff filed his complaint before he received MDOC's response to the Step III appeal and before time for MDOC to respond had expired. The Magistrate Judge reasons that the amended complaint, which was filed after Plaintiff received MDOC's Step III response does not resolve the problem because an amended complaint relates back to the filing date of the original complaint. Plaintiff objects. Plaintiff asserts that the MDOC's policy does not require the receipt of a Step III response for exhaustion. Exhaustion occurs, according to Plaintiff, when he submits his Step III response. The Court overrules Plaintiff's objection. The grievance process is not complete until either the MDOC responds to the Step III appeal or the time for doing so expires.

        C. Defendant McGuire

The Magistrate Judge recommends dismissing Defendant McGuire for the same reason that Defendants Hanna and Trombley should be dismissed. Plaintiff objects. The Court overrules the objection. PLRA exhaustion constitutes a non-jurisdictional affirmative

defense. *Woodford v. Ngo*, 548 U.S. 81, 101 (2006). And, ordinarily a district court should not sua sponte raise and consider an affirmative defense like exhaustion. *See Fitch v. Gonzales*, 425 F. App'x 440, 441 (6th Cir. 2011). However, exceptions exist to this usual approach. The Sixth Circuit has found that when one set of defendants moves for summary judgment on an affirmative defense, the plaintiff is put on notice that he or she has to come forward with all of the evidence relevant to that affirmative defense. *Grand Rapids Plastics, Inc. v. Lakin*, 188 F.3d 401, 407 (6th Cir. 1999). And, the district court does not err when it grants the motion for summary judgment and sua sponte dismisses a different defendant who did not file a motion or even raise the defense, so long as the defense applies to that defendant. *Id.*; *see, e.g., Doyle v. City of Columbus*, 120 F. App'x 560, 564 (6th Cir. 2004) (dismissing defendant Wagner); *Thomas v. Mahoning Cty. Jail*, No. 16-3495, 2017 WL 3597428, at *2 (6th Cir. Mar. 21, 2017) (dismissing defendants Novicky and Schoolcraft). Here, Hanna and Trombley's motion put Plaintiff on notice that he had to establish exhaustion. Plaintiff did not do so. The same law and facts on which Hanna and Trombley rely also applies to Plaintiff's claim against McGuire.

For these reasons, the Court **ADOPTS** as its Opinion, the Report and Recommendation. (ECF No. 39.) The Court **GRANTS** Defendants' motions for summary judgment. (ECF Nos. 15 and 29.) Because the Court finds Plaintiff did not exhaust his remedies, the Court **DISMISSES** without prejudice Plaintiff's motions. (ECF Nos. 21 and 35.) The Court will **DISMISSES** without prejudice, Plaintiff's claims against all defendant, including Defendant McGuire.

**IT IS SO ORDERED.**

Date: May 10, 2021                                          /s/ Paul L. Maloney
                                                            Paul L. Maloney
                                                            United States District Judge